IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                           Plaintiff,                             OPINION & ORDER

   v.

STATE OF WISCONSIN,                                            16-cv-506-jdp

                           Defendant.

---

     Pro se plaintiff David Darnell Nelson, Jr. is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at Waupun Correctional Institution (WCI). Nelson has filed a complaint alleging that prison officials failed to provide him with adequate medical care and that others physically and sexually assaulted him. The court determined that Nelson qualifies for *in forma pauperis* status, and Nelson paid the initial partial filing fee set by the court. Dkt. 6.

     The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). I will dismiss Nelson's complaint for failure to comply with Federal Rule of Civil Procedure 8. I will allow Nelson to file an amended complaint that addresses the issues that I identify in this order.

ALLEGATIONS OF FACT

I draw the following facts from Nelson's complaint.

Nelson is mentally ill and suffers from ulcers. On April 28, 2016, Nelson was in a cell with an inmate who was not mentally ill. The inmate asked Nelson to help him with something, and Nelson began hallucinating and experiencing emotional distress. Nelson did not have his medication, which apparently did not transfer properly when he left the Milwaukee Secure Detention Facility for WCI. Nelson began yelling for help, and an officer removed him from his cell and placed him in a "cage," where Nelson continued yelling at his hallucinations. Nelson told Sergeant Perry (not named as a defendant) that he needed his medication. Sergeant Perry explained that they did not have Nelson's medication and that he would have to wait a week or two until the pharmacy could fill the prescriptions.

At some point, Matthew Burns and Andrew Larson (not named as defendants), supervisors at WCI, came over and spoke to Nelson. Nelson continued to hallucinate, and eventually Larson threatened to tase Nelson if he did not cooperate. Nelson again asked for his medication and to see someone from the Psychological Services Unit (PSU). At that point, Burns told Larson to tase Nelson. Nelson was in a great deal of pain, as the taser exacerbated his ulcers. But Burns and Larson forced Nelson to walk from his cell to segregation. Officers pushed Nelson around, cut off his clothes, placed handcuffs on his legs, twisted his wrist until it started bleeding, and choked him to the point that he could not breathe. Larson threatened to tase him again. Unidentified officers (presumably including Larson and Burns, although Nelson does not specify) dragged Nelson—who was naked, at this point—to a dirty cell, where they sexually assaulted Nelson by putting their fingers in his

anus and rubbing his genitals. Nelson asked to see a nurse, but he did not receive treatment for his injuries. Larson told the officers that they should not report what happened.

Nelson asks the court to transfer him to a mental health facility, such as the Wisconsin Resource Center, so that he can receive treatment. Nelson complains that he is in pain; he has asked nurses and the warden for Tylenol and Tums, but they have refused his requests.

ANALYSIS

Nelson brings an Eighth Amendment failure to provide adequate medical care claim, an Eighth Amendment excessive force claim, and an Eighth Amendment strip search claim, pursuant to 42 U.S.C. § 1983.

A. **Failure to provide adequate medical care**

The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a defendant to be deliberately indifferent to such a need, he or she must know of the need and disregard it. *Id*. at 834. But "the Eighth Amendment is not a vehicle for bringing claims for

medical malpractice." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). A plaintiff must demonstrate more than mere negligence by a defendant. *Farmer*, 511 U.S. at 835. "To demonstrate deliberate indifference, a plaintiff must show that [each] defendant acted with a sufficiently culpable state of mind, something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

Nelson has identified three ways in which prison officials failed to provide adequate medical care: (1) they failed to properly transfer his prescriptions when he moved from the Milwaukee Secure Detention Facility to WCI, which left Nelson without his medication for a time and caused him to hallucinate and experience emotional distress; (2) they failed to treat the injuries he sustained as a result of his run-in with Burns, Larson, and other unidentified officers; and (3) they failed to treat his ongoing head and stomach pain. But Nelson does not identify *who* is responsible for these failures. Nelson cannot simply sue the State of Wisconsin; he must identify the individual prison officials who harmed him. *See Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) ("It is well-established that a plaintiff only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation."). I will give Nelson an opportunity to amend his complaint to specifically identify the individual, or individuals, responsible for each of the deprivations he has identified.

And once he has identified the proper defendants, Nelson will need to explain how each defendant was *deliberately indifferent* to his serious medical needs. To state an Eighth Amendment deliberate indifference claim against each defendants, Nelson must specifically explain how each defendant knew about his serious medical need and then purposefully ignored or disregarded it.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). At this point, Nelson has not stated an Eighth Amendment medical care claim against *any* defendant, and I will dismiss his claim for failure to satisfy Rule 8's pleading standard. I will allow Nelson to file an amended complaint that specifically identifies *who* is responsible for failing to provide Nelson with adequate medical care in each of the three instances that he has identified. Nelson will also have to explain what those individuals knew about his serious medical condition and what each did to deliberately disregard it. He must include specific factual allegations that identify what each individual defendant did to rise to the level of deliberate indifference.

## B. Excessive force

"The unnecessary and wanton infliction of pain on a prisoner violates his rights under the Eighth Amendment." *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (internal quotation marks omitted). To prevail on an Eighth Amendment excessive force claim against a correctional officer, a plaintiff must prove that the officer applied force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The factors relevant to this determination include: (1) why force was needed; (2) how much force was used; (3) the extent of the injury inflicted; (4) whether the defendant perceived a threat to the safety of staff and prisoners; and (5) whether efforts were made to temper the severity of the force. *Whitley*, 475 U.S. at 321.

Although correctional officers are allowed to use some force to obtain compliance with their orders, Nelson's allegations here are sufficient to implicate excessive force. Nelson alleges that Burns, Larson, and other unidentified officers tased him, forced him to walk when he was in pain, pushed him around, cuffed him, twisted his wrist, choked him, and eventually sexually assaulted him. Nelson has stated an Eighth Amendment claim against Burns and Larson for their role in causing him unnecessary pain and observing other officers do the same. *See Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002) (The Eighth Amendment "requires prison officials to take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." (citations and internal quotation marks omitted)). Nelson's allegations are sufficient to state an excessive force claim against Burns and Larson. The problem is that Nelson has not named Burns and Larson as defendants, nor has he identified the officers who sexually assaulted him. As discussed above, Nelson cannot bring this claim against the State of Wisconsin, and for this reason, I must dismiss his claim. When Nelson amends his complaint, he must specifically state whether he intends to bring an Eighth Amendment excessive force claim against Burns and Larson, and he must specifically identify the officers who sexually assaulted him if he wishes to bring any claims against them.

**C.  Strip search**

A strip search violates the Eighth Amendment when it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Put differently, the question is whether the officers had a legitimate penological reason for both the search and its scope. *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004); *see also Vasquez v.*

6

*Raemisch*, 480 F. Supp. 2d 1120, 1131-32 (W.D. Wis. 2007) (stating that case law "supports a conclusion of heightened protection for a manual as opposed to visual inspection.").

I am able to infer that prison officials—likely including Burns and Larson—strip searched Nelson, and that Nelson believes that it was improper. But Nelson's complaint, as drafted, does not state an Eighth Amendment strip search claim because he does not explicitly identify the individuals responsible for the search. Again, when Nelson amends his complaint, he must specifically state whether he intends to bring an Eighth Amendment strip search claim against Burns and Larson, and he must specifically identify the officers who sexually assaulted him if he wishes to bring any claims against them.

ORDER

IT IS ORDERED that:

1. Plaintiff David Darnell Nelson, Jr.'s Eighth Amendment failure to provide adequate medical care, excessive force, and strip search claims are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until September 30, 2016, to file an amended complaint that addresses the Rule 8 problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered September 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge