IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                Plaintiff,

  v.

MATTHEW BURNS, ANDREW LARSON,
C.O. MITCHELL BILLE, C.O. DEREK BLAKE,        OPINION & ORDER
C.O. ASHLEY DELFOSSE,
C.O. ANTHONY LO BIANCO,                    16-cv-506-jdp
C.O. MICHAEL LUNDE, C.O. GERRAD KIBBEL,
C.O. BRETT MIERZEJEWSKI, C.O. JEFFREY PERRY,
C.O. NATHAN TANK, SUPERVISOR BRICK,
MS. LARSON, and HSU MANAGER DOE,[1]

                Defendants.

---

Pro se plaintiff David Darnell Nelson, Jr. is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at Waupun Correctional Institution (WCI). Nelson filed a complaint alleging that various prison officials failed to provide him with adequate medical care and that others physically and sexually assaulted him. The court determined that Nelson qualifies for *in forma pauperis* status, and Nelson paid the initial partial filing fee set by the court. Dkt. 6.

In a September 9, 2016, order, I dismissed Nelson's complaint for failure to comply with Federal Rule of Civil Procedure 8, and I instructed Nelson to file an amended complaint. Dkt. 10. Nelson has responded to my order. Dkt. 11. Although Nelson has addressed a number of the deficiencies I identified, his amended complaint still suffers from Rule 8 problems. I will allow Nelson a final opportunity to clarify his claims.

---

[1] I have updated the caption to name the defendants that Nelson has named in his amended complaint. Dkt. 11.

ALLEGATIONS OF FACT

Nelson's amended complaint largely relies on the facts that he included in his initial complaint. I recounted those facts in my September 9, 2016, order, Dkt. 10, and I will not repeat them here. In short, Nelson's story involves a physical assault, a sexual assault, an improper strip search, the prison's failure to make sure that he had access to his medication, the prison's failure to treat his injuries following the assaults, and the prison's failure to treat his ongoing head and stomach pain.

In his initial complaint, Nelson named the State of Wisconsin as the only defendant. Now Nelson has named 14 new defendants: Matthew Burns, Andrew Larson, C.O. Mitchell Bille, C.O. Derek Blake, C.O. Ashley Delfosse, C.O. Anthony Lo Bianco, C.O. Michael Lunde, C.O. Gerald Kibbel, C.O. Brett Mierzejewski, C.O. Jeffrey Perry, C.O. Nathan Tank, Supervisor Brick, Ms. Larson, and the Health Services Unit Manager at the Milwaukee Secure Detention Facility (I will refer to her as HSU Manager Doe). Nelson generally alleges that all 14 defendants are at fault. Dkt. 11.

ANALYSIS

In my September 9 order, I determined that Nelson had attempted to bring an Eighth Amendment failure to provide adequate medical care claim, an Eighth Amendment excessive force claim, and an Eighth Amendment strip search claim, pursuant to 42 U.S.C. § 1983. But I dismissed his claims for failure to comply with Rule 8. I gave him explicit instructions regarding how he could cure his pleading problems. At this point, Nelson has cured only some of those deficiencies.

A. **Failure to provide adequate medical care**

In my September 9 order, I determined that Nelson had identified three ways in which prison officials failed to provide adequate medical care: (1) they failed to properly transfer his prescriptions when he moved from the Milwaukee Secure Detention Facility to WCI, which left Nelson without his medication for a time and caused him to hallucinate and experience emotional distress; (2) they failed to treat the injuries he sustained as a result of his run-in with Burns, Larson, and other unidentified officers; and (3) they failed to treat his ongoing head and stomach pain. Dkt. 10, at 4. But I told Nelson that he needed to identify *who* is responsible for those failures, and he needed to explain exactly how each person was personally involved and *deliberately indifferent* to his serious medical needs. *Id.* ("To state an Eighth Amendment deliberate indifference claim against each defendants, Nelson must specifically explain how each defendant knew about his serious medical need and then purposefully ignored or disregarded it.").

In his amended complaint, Nelson alleges that HSU Manager Doe should have packed his medication for him so that he could have had access to it when he transferred to WCI. At this point, I will allow Nelson to proceed against HSU Manager Doe, for her failure to ensure that he had access to his medication.

But Nelson has not identified who is personally responsible for failing to treat his injuries and ongoing head and stomach pain. He generally implicates all 14 named defendants, but his sweeping, conclusory allegation is not sufficient to state a claim. I will allow Nelson one final opportunity to clarify these claims. Nelson must file a second amended complaint that specifically identifies the individuals who are personally responsible for failing to treat him, and he must identify how, exactly, they knew about his serious

3

medical condition(s) and what each did to deliberately disregard it. He must include specific factual allegations that describe what each individual defendant did to rise to the level of deliberate indifference.

## B.  Excessive force

I already determined that Nelson has stated an Eighth Amendment excessive force claim against Burns and Larson, and now that Nelson has specifically identified them as defendants, I will allow him to proceed against them. *Id.* at 6 ("Although correctional officers are allowed to use some force to obtain compliance with their orders, Nelson's allegations here are sufficient to implicate excessive force. Nelson alleges that Burns, Larson, and other unidentified officers tased him, forced him to walk when he was in pain, pushed him around, cuffed him, twisted his wrist, choked him, and eventually sexually assaulted him.").

Now, in his amended complaint, Nelson alleges that defendants Bille, Blake, Delfosse, Lo Bianco, Lunde, Kibbel, Mierzejewski, Perry, and Tank were all involved in the physical assault. At this point, I am not convinced that Nelson has fully cured his Rule 8 deficiencies. Before I allow Nelson to bring Eighth Amendment excessive force claims against these nine additional people, he must specifically allege that each individual *personally* caused him unnecessary pain or that they were *personally* and *physically* present during the assault and failed to intervene. Right now, Nelson has named a group of WCI correctional officers as defendants without sufficiently explaining their involvement in the offense.

## C.  Strip search

Nelson's strip search claim still suffers from Rule 8 problems, too. While he has clarified that he intends to hold defendants Burns and Larson responsible for the improper strip search, he simply states that "they"—presumably the other nine individuals that he

4

implicated in his excessive force claim—also sexually assaulted him. Again, when Nelson amends his complaint for the second time, he must specifically identify only those individuals who were *personally* involved in performing the improper strip search/sexually assault or in ordering it. He may also implicate those who were *physically present* during the improper strip search if they failed to intervene. As of right now, Nelson's decision to generally blame a large group of correctional officers and sergeants is not sufficiently specific to hold all of them personally responsible.

**D. Motion for assistance in recruiting counsel**

Nelson states that he needs an attorney to help him with his case because he is mentally ill. I will deny Nelson's request at this time, without prejudice to him renewing his request later in this case. Litigants in civil cases do not have a constitutional right to a lawyer, and the court has discretion to determine whether assistance recruiting counsel is appropriate in a particular case. *Pruitt v. Mote,* 503 F.3d 647, 654, 656 (7th Cir. 2007). To prove that assistance is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer,* No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Not only has Nelson failed to demonstrate that he has made any effort to locate an attorney, but it is too early in the case to determine whether the legal and factual difficulty of the case exceeds Nelson's ability to prosecute it. The case has not passed screening, much less the relatively early stage in which defendants may file a motion for summary judgment based

on exhaustion of administrative remedies, which could result in dismissal of this case before it advances very far. Nelson should not need the assistance of counsel to amend his complaint. Should the case pass the exhaustion stage, and should Nelson continue to believe that he is unable to litigate the case himself, he may renew his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff David Darnell Nelson, Jr. is GRANTED leave to proceed on an Eighth Amendment failure to provide adequate medical care claim against defendant HSU Manager Doe; an Eighth Amendment excessive force claim against defendants Matthew Burns and Andrew Larson; and an Eighth Amendment strip search claim against defendant Matthew Burns and Andrew Larson. But I will wait to order service until plaintiff has had the opportunity to file a second amended complaint.

2. Plaintiff's remaining claims against all remaining defendants are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until October 24, 2016, to file a second amended complaint that addresses the Rule 8 problems articulated in this opinion. Should plaintiff fail to submit a second amended complaint by this deadline, he will proceed only on his claims against defendants Doe, Burns, and Larson.

4. Plaintiff's request for an attorney, Dkt. 11, is DENIED without prejudice.

Entered October 3, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge