IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                        Plaintiff,

     v.                                                   OPINION & ORDER

MATTHEW BURNS, ANDREW LARSON,                      16-cv-506-jdp
HSU MANAGER DOE, and MICHAEL LUNDE,

                        Defendants.

---

Pro se plaintiff and prisoner David Darnell Nelson, Jr. is proceeding on the following claims under the Eighth Amendment related to his treatment at the Waupun Correctional Institution: (1) defendant HSU Manager Doe failed to ensure that Nelson received his medication after he transferred to WCI; (2) defendants Matthew Burns and Andrew Larson used excessive force on Nelson when he began suffering from mental health symptoms in April 2016; (3) defendants Burns, Larson, and Michael Lunde subjected Nelson to an improper strip search after the use of force.

Several motions are now before the court: (1) defendants' motion for partial summary judgment on the ground that Nelson failed to exhaust his administrative remedies as to claims (1) and (2) above, Dkt. 26; (2) Nelson's motion for assistance in recruiting counsel, Dkt. 38; and (3) two motions by Nelson to add new claims, Dkt. 39 and Dkt. 41. For the reasons explained below, the court will deny all of these motions with the exception that the court will allow Nelson to proceed on new claims for excessive force and denial of medical care against "Supervisor Tritt."

ANALYSIS

**A. Exhaustion**

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

To satisfy § 1997e(a), a prisoner must complete each step in the administrative process "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case, *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999), but the defendants have the burden to prove that the prisoner did not exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199 (2007).

Defendants contend that Nelson failed to follow the prison's rules for exhausting his claims that (1) defendant HSU Manager Doe failed to ensure that Nelson received his medication after he transferred to WCI; and (2) defendants Matthew Burns and Andrew Larson used excessive force on Nelson when he began suffering from mental health symptoms in April 2016.[1] Defendants rely on Wis. Admin. Code § DOC 310.08(2)(a), which states that a prisoner may not file a grievance to raise "[a]ny issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303."

---

[1] Defendants do not contend that Nelson failed to exhaust his administrative remedies as to his strip search claim.

According to defendants, the two claims identified above are "related to" a conduct report that Nelson received for assaulting prison staff and Nelson didn't challenge the conduct report, so he waived his right to bring claims related to the conduct report. Although defendants acknowledge that Nelson filed a grievance in which he "complained of not having his medication and being assaulted by staff on April 28, 2016," Dkt. 27, at 5, defendants note that the grievance examiner rejected the grievance on the ground that Nelson was complaining about matters related to the conduct report and that are considered in the context of the disciplinary proceedings.[2]

Defendants have failed to meet their burden to show that Nelson failed to exhaust his available administrative remedies as to either claim. As an initial matter, neither the grievance examiner nor defendants have explained how a claim regarding a failure to provide Nelson's prescribed medication is "related to" a conduct report for assaulting staff. But even if I assume that it is, I disagree with defendants' contention that Nelson forfeited his right to bring either claim at issue by failing to challenge the conduct report in his disciplinary proceedings.

Defendants appear to be taking the position that § DOC 310.08(2)(a) requires Wisconsin prisoners to raise in the context of the disciplinary proceedings any issue that is "related to" the conduct report, but that is not what the regulation says. Rather, the regulation prohibits a prisoner from filing a grievance related to a conduct report "unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." As I noted in *LaBrec v. Walker*, No. 16-cv-774, 2017 WL 4174918, at *3 (W.D. Wis. Sept. 20, 2017),

---

[2] The grievance examiner did not reject the grievance on the ground that it included multiple issues, Wis. Admin. Code § DOC 310.09(1)(e), so that issue is waived. *Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011).

§ DOC 310.08(2)(a) must be read in conjunction with § DOC 303.82(1), which allows a prisoner to challenge the "disciplinary decision" in the context of a disciplinary appeal. The regulation does *not* allow a prisoner to raise grievances in the context of the disciplinary proceedings simply because they are related to a conduct report. Notably, defendants do not contend that Nelson could have challenged his disciplinary decision on the ground that staff failed to give him medication or even on the ground that staff used excessive force against him. As the court of appeals has noted in other contexts, a claim for excessive force and a disciplinary decision that the prisoner assaulted staff are not necessarily inconsistent. *Navejar v. Iyiola*, 718 F.3d 692, 697–98 (7th Cir. 2013) ("[A prisoner's] assault on [a guard] is not necessarily inconsistent with his sworn contention that the guards answered his assault with excessive force after they subdued him."). *See also Tolliver v. City of Chicago*, 820 F.3d 237, 243–44 (7th Cir. 2016) ("[T]here is nothing inherently contradictory about pleading guilty to aggravated battery of a peace officer and bringing a claim of excessive force.").

In *LaBrec*, I raised a question that is relevant to this case:

> [W]hat is a prisoner to do if he agrees that he is guilty (or simply does not believe there is any basis for appealing his disciplinary decision), but he wants to grieve an issue that may be "related to" his conduct report? The regulations do not provide a clear answer . . . , but there is only one answer that is fair and sensible. Because the disciplinary process cannot provide a remedy in that situation, it follows that the prisoner has "exhausted the disciplinary process in accordance with ch. DOC 303" within the meaning of § DOC 3010.08(2)(a). *See also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[W]here the relevant administrative procedure lacks authority to provide any relief, the inmate has nothing to exhaust.") (internal quotations omitted). . . [I]t would make no sense to force a prisoner to file a pointless disciplinary appeal that can provide him no relief. . . . *White v. Bukowski*, 800 F.3d 392, 395 (7th Cir. 2015) ("[H]ow could a prisoner be expected to file a grievance that would be academic because no response would benefit him or her in the slightest? ... [I]f one has no remedy, one has no duty to exhaust remedies.").

4

2017 WL 4174918, at *3–4. There might be a colorable argument that a prisoner's failure to challenge a disciplinary decision prevents him from later contradicting the allegations that form the basis of that decision. *Navejar*, 718 F.3d at 697–98 ("[The plaintiff] cannot deny that he disobeyed orders or assaulted [a guard] because those denials would 'necessarily imply' the invalidity of his discipline."). But in this case, I see no basis for dismissing the claim altogether.

This leaves the question whether Nelson exhausted his available administrative remedies by filing an inmate grievance. Defendants say no, but they do not explain why, except to repeat the grievance examiner's statement that the grievance was related to the conduct report. They do not contend that Nelson's grievance failed to provide notice of his problem or otherwise failed to comply with procedural requirements regarding the content of a grievance.

The only potential problem with Nelson's grievance implicated by the examiner's rejection is one of timing. As I noted in *LaBrec*, there are two plausible readings of § DOC 310.08(2)(a). 2017 WL 4174918, at *4. One is that the regulation acts as a sort of "stay" on an inmate grievance that is "related to" a conduct report but cannot be raised in the disciplinary proceedings, and that the stay lasts until the disciplinary process is finished, regardless how far the prisoner takes that process. Another reading is that the regulation simply prohibits most inmate complaints that are "related to" a conduct report in light of § DOC 310.08(3), which says that, even after the disciplinary appeal process is finished, a prisoner may file a grievance only with respect to the procedure used during the disciplinary process. *Shaw*, 607 F. Supp. 2d at 1008 ("Any application of § DOC 310.08(2)(a) must be read in conjunction with § DOC 310.08(3) . . . . Because plaintiff's grievance did not raise a procedural issue, § DOC 310.08(3) suggests that he could not use the grievance process at all for the purpose of complaining about [an issue related to the conduct report.]").

5

If § DOC 310.08(2)(a) acts as a complete bar, then Nelson had no available remedy. But if the regulation acts a stay, that would raise the question whether Nelson should have filed a new grievance after he completed the disciplinary proceedings.[3]

I did not need to decide in *LaBrec* which reading was the correct one and I need not resolve that question in this case either. When rejecting Nelson's grievance, the examiner wrote that "complaints of this nature are outside the scope of the inmate complaint review system." Dkt. 28-2, at 4. The examiner did not instruct Nelson to file another grievance later. Thus, under the examiner's view, the grievance system did not provide an available remedy. Regardless whether that is correct, Nelson was entitled to rely on the examiner's decision. Officials cannot give a prisoner information and then penalize him for heeding their advice. *Shaw v. Jahnke*, 607 F. Supp. 2d 1005, 1009 (W.D. Wis. 2009) ("[P]laintiff was entitled to rely on the examiner's . . . decision[], in which the examiner told him that he could not file a grievance on defendant's use of force."). *See also Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal not appropriate when prisoner failed to complete grievance process because of misinformation provided by prison officials). Accordingly, I conclude that defendants have not shown that Nelson failed to exhaust his administrative remedies and I will deny defendants' motion for partial summary judgment.

**B. Motions for leave to amend complaint**

Nelson has filed two motions to add new claims to his lawsuit. Dkt. 39 and Dkt. 41. Most of the proposed claims relate to issues that have nothing to do with the claims in this

---

[3] Nelson waived his right to a disciplinary hearing (and thus completed the disciplinary process) the same day the grievance examiner rejected his complaint, Dkt. 29-1 and Dkt. 28-2, but I will assume for the purpose of this opinion that the examiner rejected the grievance first.

case, such as the conditions of the segregation unit, so they belong in a separate lawsuit. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). But I will allow Nelson to proceed on the following claims included in his first motion for leave to amend: (1) on April 28, 2016, "Supervisor Tritt" directed medical staff not to give Nelson any medication and otherwise refused to help Nelson when he told Tritt he was suicidal; and (2) the same day, Tritt directed the other defendants to use excessive force against Nelson. The standards for proving excessive force and a failure to provide medical care were provided in the order screening Nelson's other claims. Dkt. 10. At summary judgment or trial, Nelson will have to come forward with enough evidence to allow a reasonable jury to find in his favor.

**C. Motion for assistance in recruiting counsel**

This is Nelson's third request for assistance in recruiting counsel in this case. In denying the previous motion, I noted that Nelson had not provided the names and addresses of at least three lawyers who declined to represent him, which is one of the requirements for receiving court assistance in recruiting counsel. I also concluded that it was too early to tell whether the factual difficulty of the case exceeds Nelson's ability to prosecute it, which is the other requirement. Dkt. 31.

Nelson still has not provided the court with the names of three lawyers who declined to represent him, so I will deny his motion on this ground. It is also unclear whether Nelson still wants court assistance in recruiting counsel. In a letter to the court that he filed after his request for counsel, Nelson states he doesn't "really need an attorney." Dkt. 42. In any event, it is still unclear whether Nelson needs a lawyer in this case. Although I granted Nelson's request for

7

assistance in recruiting counsel in another case, this case involves simpler claims that do not require scientific knowledge. If it becomes clear later that the case is too complicated for Nelson, he may renew his request.

ORDER

IT IS ORDERED that:

1. The motion for partial summary judgment filed by defendants Matthew Burns, Andrew Larson, and Michael Lunde, Dkt. 26, is DENIED.

2. Plaintiff David Nelson's motion for leave to amend his complaint, Dkt. 39, is GRANTED IN PART. Nelson is GRANTED leave to proceed on the following claims:

    a. on April 28, 2016, "Supervisor Tritt" directed medical staff not to give Nelson any medication and otherwise refused to help Nelson when he told Tritt he was suicidal; and

    b. on April 28, 2016, Tritt directed the other defendants to use excessive force against Nelson.

3. Nelson's motion for leave to amend his complaint, Dkt. 39 and Dkt. 41, are DENIED in all other respects.

4. Nelson's motion for assistance in recruiting counsel, Dkt. 38, is DENIED without prejudice.

5. Counsel for defendants may have until February 23, 2018, to inform the court whether the Wisconsin Department of Justice will accept service on Tritt's behalf.

6. Because the April 30, 2018 trial date is no longer realistic, the current schedule is STRUCK. After Tritt files an answer, the clerk of court will set a new scheduling conference with Magistrate Judge Stephen Crocker.

Entered February 9, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge