IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

        Plaintiff,

  v.

MATTHEW BURNS, ANDREW LARSON,
HSU MANAGER DOE, MICHAEL LUNDE,
and KYLE TRITT,

        Defendants.

ORDER

16-cv-506-jdp

---

      Pro se plaintiff and prisoner David Darnell Nelson, Jr. is proceeding on multiple claims under the Eighth Amendment related to his treatment at Waupun Correctional Institution: (1) defendant HSU Manager Doe failed to ensure that Nelson received his medication after he was transferred to WCI; (2) defendants Matthew Burns and Andrew Larson used excessive force on Nelson when he began suffering from mental health symptoms in April 2016; and (3) defendants Burns, Larson, and Michael Lunde subjected Nelson to an improper strip search after the use of force.

      Nelson has filed a document with the court in which he asks the court to direct defendants to provide him a "structured settlement" and appoint a lawyer to represent him. Dkt. 53. The court will deny both of these requests.

      As to Nelson's request for a settlement, he is free to contact counsel for defendants at any time to discuss a possible settlement. But defendants are not required to settle a case, so if they are not interested in settling, the court cannot require them to do so. In the absence of a settlement, a plaintiff must prove each of his claims.

As to Nelson's request for assistance in recruiting counsel, nothing has changed since I denied Nelson's previous request for counsel, with the exception that Nelson has attached a rejection letter from one law firm. Dkt. 53-2. But Nelson is required to provide the court at least *three* names and addresses of lawyers who have declined to represent in this case, as I informed Nelson in a previous order. Dkt. 44. In any event, it is still unclear whether Nelson needs a lawyer in this case. Although I granted Nelson's request for assistance in recruiting counsel in another case, this case involves simpler claims that do not require scientific knowledge. If it becomes clear later that the case is too complicated for Nelson, he may renew his request.

Nelson also raises issues about his criminal conviction, but that is outside the scope of this case, which is limited to the claims identified at the beginning of this order.

One other matter came to the court's attention when reviewing Nelson's motion, which is that there is a still an unnamed defendant in the case. Defendants have identified the Doe as Tina Watts. Dkt. 30. Although Nelson did not formally amend his complaint to add Watts as a defendant, that may be because the preliminary pretrial conference order did not direct him to do so. So the court will give Nelson an opportunity now to inform the court whether he wishes to bring a claim against Watts.

ORDER

IT IS ORDERED that:

1. Plaintiff David Darnell Nelson's motion for a structured settlement and assistance in recruiting counsel, Dkt. 53, is DENIED.

2. Nelson may have until December 4, 2018, to inform the court whether he wishes to proceed on a claim against Tina Watts. If Nelson does not respond by that date, I will dismiss that claim.

Entered November 19, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge